UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAF HOLDINGS LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　-v-<br><br>LI & FUNG (TRADING) LIMITED,<br><br>　　　　　　　　　　Defendant. | No. 10 Civ. 05762 (RJS)<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

## ANSWER

Defendant Li & Fung (Trading) Limited ("LF"), by and through its attorneys, hereby responds to the Second Amended Complaint ("Complaint") filed by Plaintiff NAF Holdings LLC ("NAF" or "Plaintiff") in this action as follows:

### PARTIES

1.　LF denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

2.　LF denies the allegations contained in paragraph 2, except admits that it is a Hong Kong corporation and that it has a principal place of business at LiFung Tower, 888 Cheung Sha Wan Road, Kowloon, Hong Kong.

### JURISDICTION, VENUE, AND GOVERNING LAW

3.　Paragraph 3 of the Complaint asserts legal conclusions as to which no response is required, but, to the extent a response is required, LF admits that NAF purports to assert claims exceeding the sum of $75,000, that NAF has alleged it is a citizen of a state, and that LF is a citizen of a foreign state.

4.   Paragraph 4 of the Complaint asserts legal conclusions as to which no response is required, but, to the extent a response is required, LF admits that LF is a citizen of a foreign state.

5.   LF denies the allegations contained in paragraph 5 of the Complaint.

## BACKGROUND FACTUAL ALLEGATIONS

6.   LF denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

7.   LF denies the allegations contained in paragraph 7 of the Complaint, except admits that Efrem Gerszberg ("Gerszberg") approached LF to inquire whether LF would act as a buying agent for Hampshire Group Limited ("Hampshire").

8.   LF denies the allegations contained in paragraph 8 of the Complaint, except admits that a meeting took place on or about November 18, 2008.

9.   LF denies the allegations contained in paragraph 9 of the Complaint.

10.  LF denies the allegations contained in paragraph 10 of the Complaint and respectfully refers the Court to the purported agreement ("Alleged Agreement") for its contents.

11.  LF denies the allegations contained in paragraph 11 of the Complaint and respectfully refers the Court to the Alleged Agreement for its contents.

12.  LF denies the allegations contained in paragraph 12 of the Complaint and respectfully refers the Court to the Alleged Agreement for its contents.

13.  LF denies the allegations contained in paragraph 13 of the Complaint and respectfully refers the Court to the Alleged Agreement for its contents.

14.  LF denies the allegations contained in paragraph 14 of the Complaint and respectfully refers the Court to the Alleged Agreement for its contents.

NewYork 1431226.2

15. LF denies the allegations contained in paragraph 15 of the Complaint and respectfully refers the Court to the Alleged Agreement for its contents.

16. LF denies the allegations contained in paragraph 16 of the Complaint, except denies knowledge or information sufficient to form a belief concerning (i) any alleged financing commitment from Wells Fargo Trade Capital LLC ("Wells Fargo") or (ii) any communications between Wells Fargo and NAF, including the alleged February 12, 2010 letter.

17. LF denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. LF denies the allegations contained in paragraph 18 of the Complaint, except admits that certain employees of LF met with certain employees of Hampshire.

19. LF denies the allegations contained in paragraph 19 of the Complaint.

20. LF denies the allegations contained in paragraph 20 of the Complaint, and respectfully refers the Court to the alleged email for its contents.

21. LF denies the allegations contained in paragraph 21 of the Complaint, and respectfully refers the Court to the alleged email and Alleged Agreement for their contents.

22. LF denies the allegations contained in paragraph 22 of the Complaint.

23. LF denies the allegations contained in paragraph 23 of the Complaint, and respectfully refers the court to the alleged email for its contents.

24. LF denies the allegations contained in paragraph 24 of the Complaint.

25. LF denies the allegations contained in paragraph 25 of the Complaint.

26. LF denies the allegations contained in paragraph 26 of the Complaint.

## COUNT I
## NAF v. Defendant
## (Breach of Contract)

27. LF incorporates herein by reference its responses to paragraphs 1-26 of the Complaint.

28. LF denies the allegations contained in paragraph 28 of the Complaint.

29. LF denies the allegations contained in paragraph 29 of the Complaint.

30. LF denies the allegations contained in paragraph 30 of the Complaint.

31. LF denies the allegations contained in paragraph 31 of the Complaint.

32. LF denies the allegations contained in paragraph 32 of the Complaint.

33. LF denies the allegations contained in paragraph 33 of the Complaint.

34. LF denies the allegations contained in paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

35. NAF's claim against LF fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

36. The Alleged Agreement never came into effect.

## THIRD AFFIRMATIVE DEFENSE

37. LF has not breached any agreement with NAF.

## FOURTH AFFIRMATIVE DEFENSE

38. NAF's claims are barred by the doctrines of laches, waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

39. NAF's claims are barred by the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

40. LF's performance under the Alleged Agreement is excused by NAF's prior breaches of the Alleged Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

41. NAF failed to satisfy all conditions precedent of the Alleged Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

42. LF validly terminated the Alleged Agreement.

### NINTH AFFIRMATIVE DEFENSE

43. LF's performance under the Alleged Agreement was discharged under the doctrines of impracticability and/or frustration of purpose.

### TENTH AFFIRMATIVE DEFENSE

44. The Alleged Agreement is unenforceable because it lacks mutuality of obligations.

### ELEVENTH AFFIRMATIVE DEFENSE

45. There is no personal jurisdiction over LF.

### TWELFTH AFFIRMATIVE DEFENSE

46. Defendant has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Defendant further reserves the right to amend its answer and/or defenses accordingly and/or to withdraw defenses that it determines are not applicable during the course of subsequent discovery.

## COUNTERCLAIM

Li & Fung (Trading) Limited denies that the Alleged Agreement ever came into effect or that it ever became binding on the parties to this action. If, however, it is determined that the Alleged Agreement did come into effect and did become binding on the parties hereto, Defendant, by and through its attorneys, Salans LLP, hereby brings the following Counterclaim against Plaintiff/Counterclaim-Defendant NAF Holdings LLC, pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

## NATURE OF THE ACTION

47. If it is determined that the Alleged Agreement did come into effect and did become binding on the parties hereto, this counterclaim seeks damages for NAF's breach of the Alleged Agreement.

## PARTIES

48. Defendant/Counterclaim-Plaintiff LF is a Hong Kong corporation with its principal place of business at LiFung Tower, 888 Cheung Sha Wan Road, Kowloon, Hong Kong.

49. Upon information and belief, Plaintiff/Counterclaim-Defendant is a Delaware limited liability company with its principal place of business at 459 Lincoln Avenue, Highland Park, New Jersey 08904.

## JURISDICTION

50. If it is determined that the Alleged Agreement did come into effect and did become binding on the parties hereto, then this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), as the claims made herein exceed the sum of $75,000, exclusive of interest and costs, and the dispute is between a citizen of a state and a citizen of a foreign state.

51. If it is determined that the Alleged Agreement did come into effect and did become binding on the parties hereto, then this Court has jurisdiction over NAF pursuant to the Alleged Agreement, in which NAF agreed to submit to the exclusive jurisdiction of the federal or state courts of New York State for the purpose of enforcing any claim arising thereunder.

## FACTUAL ALLEGATIONS

52. On or about December 15, 2008, NAF and LF entered into the Alleged Agreement.

53. A true and correct copy of the Alleged Agreement is attached as Exhibit A to the original Complaint herein.

54. Under the Alleged Agreement, NAF was to acquire Hampshire Group Limited ("Hampshire") which is a provider of women's and men's sweaters, wovens and knits and a designer and marketer of branded apparel in the United States.

55. Under the Alleged Agreement, NAF appointed LF as its buying agent for the purchase of apparel items in various countries throughout the world.

56. As compensation for LF's services as a buying agent, NAF agreed to pay LF a commission on the sum of the FOB value of all products ordered by Hampshire. (Alleged Agreement §§ 5.1.2, 7.1, 7.2.2.)

57. NAF further agreed to deliver to LF its financial statements ("Statements"), as soon as the Statements became available, but in any event on at least a quarterly basis, and to provide an audited Statement on request. (Alleged Agreement § 8.3.2.)

NewYork 1431226.2

## COUNT ONE
### (Breach of Contract)

58.  LF repeats and realleges the allegations set forth in paragraphs 1 through 57 above as if fully set forth herein.

59.  LF performed all of its obligations under the Alleged Agreement.

60.  NAF breached the Alleged Agreement by failing to acquire Hampshire.

61.  Because of NAF's failure to acquire Hampshire, LF has been deprived of the commissions it would have earned on products ordered by Hampshire under the Alleged Agreement.

62.  NAF also breached the Alleged Agreement by failing to deliver its Statements to LF.

63.  Pursuant to § 14.4, because of NAF's breach, LF terminated the Alleged Agreement.

64.  In addition, pursuant to § 14.4, notwithstanding LF's termination, LF is entitled to damages arising from NAF's breaches.

65.  As a direct and proximate result of NAF's breaches of the Alleged Agreement, LF has sustained damages consisting of its expected profits under the Alleged Agreement believed to be in excess of $5 million.

## PRAYER FOR RELIEF

WHEREFORE, if it is determined that the Alleged Agreement did come into effect and did become binding on the parties hereto, Defendant Li & Fung (Trading) Limited respectfully demands judgment against Plaintiff NAF Holdings LLC as follows:

(a) that Defendant LF be awarded damages in an amount to be determined at trial, together with interest thereon as provide by law;
(b) that Defendant LF be awarded costs, expenses and disbursements of this action, including attorney's fees; and
(c) that Defendant LF be awarded such other and further relief as this Court may deem just and proper.

Dated: New York, New York
May 31, 2011

SALANS LLP

By: _____
John J. Hay
Deric Gerlach
Attorneys for Defendant/Counterclaim
   Plaintiff Li & Fung (Trading) Limited
620 Fifth Avenue
New York, NY 10020
212-632-5500

TO: Steven T. Halperin
Halperin & Halperin, P.C.
18 East 48th Street
New York, NY 10017-1014
(212)-935-2600
Fax: (212)-753-9173
Email: halperin_pc@email.msn.com

George A. Reihner
Wright & Reihner, P.C..
148 Adams Avenue
Scranton, PA 18503
(570)-961-1166
Fax: (570)-961-1199
Email: gareihner@wrightreihner.com

*Attorneys for Plaintiff NAF Holdings LLC*

NewYork 1431226.2